UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OWEN GEORGE,

      Plaintiff,

vs.

FORD MOTOR COMPANY,

      Defendant.

_____/

CASE NO.:   6:15-cv-141-ORL-31-GJK

## DEFENDANT, FORD MOTOR COMPANY'S, NOTICE OF REMOVAL

Defendant, FORD MOTOR COMPANY (hereinafter "Ford"), pursuant to 28 U.S.C. § 1441, *et. seq.* and 28 U.S.C. § 1332, with full reservation of all defenses, gives notice that this cause is hereby removed from the Circuit Court for the Eighteenth Judicial Circuit in and for Brevard County, Florida, Case No. 05-2015-CA010815-XXX-XX to the United States District Court for the Middle District of Florida, Orlando Division.  In support of its Notice of Removal, Ford states the following:

### I.      PLEADINGS

1.    This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of causes, and arises out of injuries allegedly sustained by Plaintiff, Owen George ("George"), on or about May 19, 2012, in connection with being a passenger in an automobile designed in part and manufactured in part by Ford Motor Company.  *See* Compl. ¶¶ 2-8.

*F008-10363/10*

2.     The Complaint alleges causes of action only against Ford, an out of state corporation, on behalf of the sole plaintiff in this matter, George.  *See generally*, Compl.

3.     Pursuant to 28 U.S.C. § 1446 and Local Rule 4.02, Ford attaches to this Notice of Removal a copy of the state court docket and of all process, pleadings, and orders and other papers or exhibits, presently on file in the state court. *See* Composite **Exhibit 1** attached hereto**.**

II.     <u>**REMOVAL IS PROPER IN THIS CASE**</u>

A.     **Removal Is Timely And The Amount in Controversy Exceeds $75,000**

4.     This Notice of Removal is timely filed, as it was filed within 30 days after Ford first learned that the matter is removable.

5.     The Complaint was served on Ford on January 9, 2015.  *See* **Exhibit 2** attached hereto.

6.     Thus, this Notice of Removal is timely filed within 30 days of service under 28 U.S.C. § 1446(b).

7.     Venue is proper in the Orlando Division of this Court pursuant to 28 U.S.C. § 1441(a), because this Court "embrac[es] the place where [this] action is pending," i.e.: the Eighteenth Judicial Circuit Court in and for Brevard County, Florida.  *See Hollis v. Fla. State Univ.*, 259 F.3d 1295 (11th Cir. 2001) ("a properly removed action necessarily fixes venue in the district where the state court action was pending").

8.     On its face, Plaintiff's Complaint asserts that the amount in controversy exceeds the jurisdictional thresholds of the state circuit court ($15,000.00).  *See* Compl. ¶ 1.

9.     However, a reasonable interpretation of the nature of Plaintiff's allegations and claimed injuries and damages demonstrates that Plaintiff seeks an amount that exceeds the sum of $75,000.

10.    Plaintiff alleges to have sustained significant and severe incapacitating bodily injuries, including the fracture of his neck, pain and suffering, disability, mental anguish, loss of the capacity for the enjoyment of life, loss of earning capacity and the expense of medical treatment, and alleges that such losses are permanent and/or continuing in nature.  *See* Compl. ¶¶ 8 and 15.

11.    These claimed injuries and damages, together with the Affidavit of Ford's counsel, Francis M. McDonald, Jr., ("McDonald Aff."), attached hereto as **Exhibit 3**, demonstrate that Plaintiff seeks an amount that exceeds $75,000.

12.    Therefore, the amount in controversy requirement for removal under 28 U.S.C. § 1332 has been satisfied.[1]

---

[1] Pursuant to *Pretka v. Kolter City Plaza, II, Inc.*, 608 F.3d 744, 751 (11th Cir 2010), courts are permitted to consider evidence of amount in controversy where a complaint does not contain a specific amount of claimed damages. One of the permissible forms of evidence is affidavits and declarations, which are not limited in scope by the substantive jurisdictional requirements of removal. *Id.* at 755.

**B.      There Is Complete Diversity Among The Parties**

13.      Plaintiff's Complaint does not contain an allegation about George's residency or citizenship.  However, upon information and belief, he is and was a citizen of the State of Florida and a resident of Titusville, Brevard County, Florida.

14.      Plaintiff does not specifically allege Ford's citizenship, but does allege and acknowledge that Ford is a foreign corporation.  *See* Compl. ¶ 2.

15.      Ford Motor Company is a Delaware corporation with its principal place of business in the State of Michigan.

16.      Because Plaintiff is a citizen of Florida, and the sole defendant, Ford, is not a citizen of Florida, complete diversity exists under 28 U.S.C. § 1332.

**C.      All Prerequisites For Removal Have Been Satisfied**

17.      Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served to Plaintiff's counsel.

18.      Concurrent with the service of this Notice of Removal, Ford will file and serve a Notice of Filing the Notice of Removal, including a true and correct copy of the Notice of Removal and all applicable exhibits thereto, with the Clerk of the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida. *See* **Exhibit 4** attached hereto, without exhibits.

19.      The undersigned counsel is authorized by Ford to file this Notice of Removal, and is licensed in the State of Florida and is a member of the Bar of this Court.

### III.   <u>CONCLUSION</u>

20.   Because complete diversity between the only two parties to this action exists, and because the amount in controversy exceeds the sum of $75,000, removal to this Court is proper.

21.   Therefore, Court should exercise its diversity jurisdiction over the causes of action brought by virtue of Plaintiff's Complaint, pursuant to 28 U.S.C. §§ 1332 and 1441.

WHEREFORE, Defendant, Ford Motor Company, respectfully removes this action from the Eighteenth Judicial Circuit Court in and for Brevard County, Florida to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, and requests that that this Court assume full jurisdiction over the cause herein as provided by law.

DATE:  January 28, 2015                    Respectfully submitted,

*s/ Francis M. McDonald, Jr.*
FRANCIS M. MCDONALD, JR., ESQ.
Trial Counsel
Florida Bar No. 0327093
SARAH A. LONG, ESQ.
Florida Bar No. 0080543
NATHAN E. WITTMAN, ESQ.
Florida Bar No. 0093148
MCDONALD TOOLE WIGGINS, P.A.
111 N. Magnolia Avenue, Suite 1200
Orlando, FL 32801
Telephone: (407) 246-1800
Facsimile: (407) 246-1895
fmcdonald@mtwlegal.com
slong@mtwlegal.com
nwittman@mtwlegal.com
e.service@mtwlegal.com
*Attorneys for Defendant,*
*FORD MOTOR COMPANY*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 28, 2015, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following counsel of record:

Stuart F. Cohen, Esq., Conroy Simberg, 3440 Hollywood Blvd., 2nd Floor, Hollywood, FL 33021; eservicehwd@conroysimberg.com.

*s/ Francis M. McDonald, Jr.*
FRANCIS M. McDONALD, JR., ESQ.
Florida Bar No. 0327093
SARAH A. LONG, ESQ.
Florida Bar No. 0080543
NATHAN E. WITTMAN, ESQ.
Florida Bar No. 0093148
McDONALD TOOLE WIGGINS, P.A.
*Attorneys for Defendant*
*Ford Motor Company*