126584

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:15-CV-141-ORL-31GJK

OWEN GEORG,

  Plaintiff,

v.

FORD MOTOR COMPANY,

  Defendant.
_____/

# JOINT MOTION FOR AN EXTENSION OF TIME TO DISCLOSE EXPERT REPORTS AND DISCOVERY CUTOFF

The Parties, OWEN GEORG (Georg) and FORD MOTOR CO. ("Ford"), by and through their respective undersigned counsel, and pursuant to Federal Rule of Civil Procedure 6(b), jointly[1] file this Motion for an Extension of Time to Disclose Expert Reports and Discovery Cutoff, and in support thereof state as follows:

1. On March 16, 2015, the Court issued an Order requiring Georg to disclose an expert report on or before September 30, 2015, and requiring Ford to disclose an expert report on or before November 3, 2015. [D.E. 12].

2. While the parties will be in a position to disclose the existence of their respective experts by these dates, Rule 26(a)(2)9B) and this Court's Order also requires

---

[1] Defendant Ford's counsel has authorized Plaintiff Georg's counsel to file this Joint Motion for Extension of Deadlines on its behalf.

the Parties to provide a written report containing all of their experts' opinions regarding this matter.

3. Discovery in this matter is not nearly complete, despite the Parties efforts to this point. The vehicle at issue in this product liability action has not been in the possession of either of the Parties, but rather that of the liability insurer for the owner of that vehicle. This has greatly limited access to the vehicle and slowed the Parties efforts at conducting joint inspections of the vehicle.

4. Although one such inspection has already taken place, it became clear from it that the electronic and other data stored in the various sensors and modules of the vehicle could not be extracted without the presence of a third party, Delphi Automotive, which manufactures the relevant component parts for Ford. Neither the Plaintiff, nor Ford, were able to extract the data at the inspection, and both Parties need this information in order to determine whether the airbag and other safety features of the motor vehicle performed in the manner intended during the crash described in the Complaint for Damages.

5. Another inspection of the vehicle at issue has been scheduled for September 22, 2015. It is hoped that during this inspection Delphi will be able to attend and successfully extract electronic data from the vehicle so that it can be supplied to the Parties and their respective experts.

6. Assuming Delphi is successful on September 22, 2015, Georg anticipates needing an additional forty-five (45) days, to November 16, 2015, within which to

analyze the data extracted from the vehicle and prepare an expert report as required by the Court's Order and Rule 26(a)(2)(B).

7. Ford requests that its deadline for the disclosure of expert reports likewise be extended by forty-five (45) days, to December 21, 2015.

8. In light of the foregoing, the parties also respectfully request that the Court extend the discovery cutoff from January 4, 2016 to February 5, 2016 in order to allow the Parties' respective experts to be deposed.

9. The parties will maintain the March 1, 2015 deadline for dispositive motions, the April 1, 2015 deadline for the filing of *Daubert* motions, and the other deadlines contained in the Court's current Scheduling Order [D.E. 12].

WHEREFORE, the Parties respectfully requests this Honorable Court enter an Order: (1) granting the instant Joint Motion; (2) extending the deadline for Georg to provide an expert report for forty-five days, to November 16, 2015; (3) extending the deadline for Ford to provide an expert report for forty-five days to December 21, 2015; (4) extending the discovery cutoff to January 4, 2016; and (5) entering any and all further relief this Honorable Court deems equitable and just.

DATED: September 16, 2015.

Prepared by:

/s/ Stuart F. Cohen

Stuart F. Cohen, Esquire
Florida Bar No.: 986178
E-mail Address: scohen@conroysimberg.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on Francis M. McDonald, Jr., Esq., McDonald, Toole, Wiggins, PA, 111 N. Magnolia Avenue, Suite 1200, Orlando, FL 32801, fmcdonald@mtwlegal.com, SLong@mtwlegal.com, NWittman@mtwlegal.com; e.service@mtwlegal.com by electronic mail.

    CONROY SIMBERG
    3440 Hollywood Boulevard, Second Floor
    Hollywood, FL 33021
    Telephone:  (954) 961-1400 Broward
    Facsimile:  954-518-8600
    Primary Email:  eservicehwd@conroysimberg.com
    Secondary Email:  scohen@conroysimberg.com


By: /s/ Stuart F. Cohen
    Stuart F. Cohen, Esquire
    Florida Bar No. 986178