UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OWEN GEORG,                                      CASE NO.:  6:15-cv-141-Orl-31GJK

    Plaintiff,

vs.

FORD MOTOR COMPANY,

    Defendant.
_____/

**DEFENDANT, FORD MOTOR COMPANY'S,
MOTION FOR PARTIAL FINAL SUMMARY JUDGMENT**

Defendant, Ford Motor Company ("Ford"), by and through its undersigned counsel and pursuant to Rule 56, FED.R.CIV.P., files this Motion for Partial Summary Judgment on the manufacturing defect claims and failure to warn claims, both of which are included in the strict liability and negligence counts of Plaintiff's complaint. The pleadings, discovery responses, expert reports, depositions and other matters of record establish that there is no genuine issue of material fact with respect to these claims, thereby entitling Ford to summary judgment on them as a matter of law.  In support, Ford states as follows:

**I.**     **SUMMARY OF UNDISPUTED MATERIAL FACTS**

Plaintiff filed the instant lawsuit against Ford in the Circuit Court of the 18th Judicial Circuit in and for Brevard County, Florida on January 8, 2015.  Ford thereafter removed the case to this Court.  (Doc. 1).

The matter arises out of a single vehicle crash that occurred on May 19, 2012, involving Plaintiff and two other teenagers who had taken one of their parent's 2003 Lincoln Town Car ("subject vehicle") for a drive. *See* Compl. ¶¶ 2-3; *see also* Deposition of Lt. Roger Carpenter, dated October 13, 2015 ("Depo. of Carpenter") at 17:23-25, 19:2-7, attached hereto as Exh. A. The subject vehicle was designed in part, manufactured in part, and distributed for sale by Ford Motor Company. *Id*. at ¶ 3. While Plaintiff, Owen Georg ("Georg") was the front seat passenger, the driver, Nicholaos Seaman, lost control of the vehicle and it went off a residential street and collided with a tree, resulting in a severe impact to the passenger side. *Id*. at ¶¶ 5-6; *see also* Depo. of Carpenter at 22:21-23:2. Plaintiff alleges the impact was so significant that the vehicle's passenger side airbag should have deployed. *Id*. at ¶ 6. The passenger side airbag, however, did not deploy. *Id*. at ¶ 7. Georg claims injuries as a result of the crash. *Id*. at ¶ 8.

## II.  SUMMARY JUDGMENT GROUNDS

The operative Complaint includes both strict liability and negligence claims against Ford based upon allegations that the passenger side airbag in the 2003 Town Car is defective and unreasonably dangerous in its design and manufacture. *Id*. at ¶¶ 10, 17. As part of both the strict liability and negligence claims, Plaintiff included a failure to warn claim, as well as a claim the side airbag was defective in its manufacture. With respect to the failure to warn claims, Plaintiff, stated that "Ford failed to provide adequate warning or instruction for the proper use of the Towncar (sic) which would have prevented this accident and the resulting

significant injuries." *See* Compl. ¶¶ 10(c) and 17(c). The manufacturing defect claims state only that the "passenger side torso airbag would not deploy in its ordinary and intended manner, as the time of impact to the same passenger side of the motor vehicle." Id. at ¶¶ 10(a) and 17(a).

Plaintiff has offered no evidence or testimony to support his failure to warn claims, whether based on strict liability or negligence. In fact, the topic of warnings and/or failure to warn has not been addressed or commented about since the allegations were included in the original complaint. The manufacturing defect is also devoid of any supporting proof. Plaintiff's theory against Ford is that the design choices Ford made with respect to how and when the passenger side airbag would deploy in a crash rendered the system defective and unreasonably dangerous.

Plaintiff has retained three experts: 1) Ying Lu, Ph.D., a biomechanic; 2) Don Fournier, an accident reconstructionist; and 3) Chris Caruso, an expert hired to opine regarding vehicle crash safety performance. All three experts supplied written reports containing their opinions, and all have been deposed. All three experts have offered their final opinions in this matter. None has offered any opinions on the issue of warnings with respect to the passenger side airbag, or how a warning may have prevented this accident. [1] Similarly, none of the Plaintiff's experts have claimed that the passenger side airbag was manufactured incorrectly or not according to its design. Accordingly, in light of the complete absence of any

---

[1] There is no serious claim in this case that a defect -- whether due to a manufacturing defect, a design defect, or a lack of warning -- caused or contributed to causing the accident. This case is based on an alleged failure of a side airbag to deploy, and whether such failure rendered the subject vehicle defective from a crashworthiness point of view.

evidence or testimony – expert or otherwise – to support any claim founded on a failure to warn theory or a defect in manufacture, Ford is entitled to judgment as a matter of law in Ford's favor.

### III.    MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

#### A.    Summary Judgment Standard

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a).  The burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The movant "bears the initial responsibility of informing the district court of the basis for the motion, and identifying portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id*.   To discharge this burden, the movant must point out to the court that there is an absence of evidence to support the nonmoving party's case. *Id*. at 325.  Rule 56 mandates the entry of summary judgment against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Drury v. Cardiac Pacemakers, Inc.*, CASE NO. 8:02-CV-933-T-17MAP, 2003 U.S. Dist. LEXIS 24887 at  (M.D. Fla. June 3, 2003) (quoting *Celotex Corp*., 477 U.S. at 323).  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving

party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 324.

When faced with a "properly supported motion for summary judgment, [the nonmoving party] must come forward with specific factual evidence, presenting more than mere allegations." *Garguilo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997). The nonmoving party is required to go beyond the pleadings, and by affidavits and depositions designate specific facts showing there is a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the nonmoving party, "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

    B.    **Plaintiff's Failure to Warn Claims Fail as a Matter of Law**

Plaintiff alleges identical failure to warn claims against Ford sounding in both strict liability and negligence. Specifically, Plaintiff alleges that Ford "failed to provide adequate warning or instruction for the proper use of the Towncar (sic) which would have prevented this accident and the resulting significant injuries." The alleged defect in this matter involves the passenger side airbag and whether it should have deployed in this crash. Whether the airbag deployed or not has absolutely no relation to, or connection with, the **prevention** of the accident. Any warning – or alleged lack of warning – regarding the passenger side airbag has no

logical effect on preventing the driver of the vehicle from losing control and crashing into a tree.

In addition to Plaintiff's failure to warn claims failing as a matter of logic as noted above, Plaintiff's failure to warn claims fail as a matter of law. A claim that a warning was necessary and that the failure to warn rendered a product unreasonably dangerous and defective requires a warnings expert. *See Hall v. Sunjoy Indus. Group, Inc.*, 764 F. Supp. 2d 1297, 1303 (M.D. Fla. 2011); *See, e.g., Humphreys v. General Motors Corp.*, 839 F. Supp. 822, 826-27 (N.D. Fla. 1993) (summary judgment is appropriate where the existence of a defect is beyond the understanding of the jury, requiring expert testimony, but no expert opinions are presented). Plaintiff has failed to present any expert testimony regarding his failure to warn claims as a matter of law.

### C. Plaintiff's Manufacturing Defect Claims also Fail

None of Plaintiff's experts have offered an opinion that the reason the passenger side airbag in the 2003 Lincoln Town Car did not deploy in this crash was because the airbag system was manufactured incorrectly. That is to say, that Ford failed to install the system correctly during manufacture, or neglected to include all of its components. "Under Florida law, a manufacturing defect requires (1) a product that 'does not conform to its intended design' such that it (2) 'fails to perform as safely as the intended design would have performed.'" *See Citizens Prop. Ins. Corp. v. Simkar LLC*, 813 F. Supp. 2d 1356, 1363 (M.D. Fla. 2011). "Manufacturing defects are generally limited to situations where something goes

wrong in the manufacturing process . . . ." *See Tillman v. C.R. Bard, Inc.*, 96 F. Supp. 3d 1307, 1347 (M.D. Fla. 2015); *Benitez v. Synthes, Inc.*, 199 F. Supp. 2d 1339, 1344 (M.D. Fla. 2002). Plaintiff has come forward with no proof that anything went wrong during the manufacturing of the subject Lincoln Town Car.

Without any proof to support that such a mistake happened during the manufacturing process, summary judgment on both the strict liability and negligence manufacturing defects claims should be granted as well. *See Beauregard v. Cont'l Tire N. Am., Inc.*, 695 F. Supp. 2d 1344, 1353 (M.D. Fla. 2010) (summary judgment granted on manufacturing defect claims where only expert testimony offered in support was speculative and based solely on conjecture).

## CONCLUSION

Based upon the foregoing discussion and authorities, this Court should grant Ford's motion and enter partial summary judgment in favor of Ford. The remaining claim would be Plaintiff's design defect claims.

DATE: March 1, 2015                                    Respectfully submitted,

                                                       *s/ Sarah A. Long*
                                                       FRANCIS M. MCDONALD, JR., ESQ.
                                                       Trial Counsel
                                                       Florida Bar No. 0327093
                                                       SARAH A. LONG, ESQ.
                                                       Florida Bar No. 0080543
                                                       COURTNEY M. KING, ESQ.
                                                       Florida Bar No. 0069389
                                                       MCDONALD TOOLE WIGGINS, P.A.
                                                       111 N. Magnolia Avenue, Suite 1200
                                                       Orlando, FL 32801
                                                       Telephone: (407) 246-1800

Facsimile: (407) 246-1895
fmcdonald@mtwlegal.com
slong@mtwlegal.com
e.service@mtwlegal.com
*Attorneys for Defendant,*
*FORD MOTOR COMPANY*

### **CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2016, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following counsel of record:

Stuart F. Cohen, Esq., Conroy Simberg, 3440 Hollywood Blvd., 2nd Floor, Hollywood, FL 33021; scohen@conroysimberg.com; eservicehwd@conroysimberg.com; egallardo@conroysimberg.com; jstuber@conroysimberg.com.

*s/  Sarah A. Long*
SARAH A. LONG, ESQ.
Florida Bar No. 0080543
slong@mtwlegal.com
MCDONALD TOOLE WIGGINS, P.A.
*Attorneys for Defendant*
*Ford Motor Company*