# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**OWEN GEORGE,**

        **Plaintiff,**

**v.**                                         **Case No:   6:15-cv-141-Orl-31GJK**

**FORD MOTOR CO.,**

        **Defendant.**

## ORDER

This matter is before the Court on Defendant's Motion for Partial Summary Judgment (Doc. 26) and Plaintiff's Response (Doc. 28).

I.    Background

Plaintiff Owen George ("George") filed a two-count Complaint against Defendant Ford Motor Company ("Ford") for strict products liability and negligent manufacture and/or design. Each of Plaintiff's two counts were premised on three legal theories: 1) defective and unreasonably dangerous manufacture of the product; 2) failure to warn of the defective nature of the product; and 3) defective and unreasonably dangerous design of the product.

On or about May 19, 2012, George was a front seat passenger in a 2003 Lincoln Towncar bearing vehicle identification no.: 1LNHM83W93Y623382. Compl. at ¶¶ 3, 5. The Towncar was designed in part, manufactured in part, and distributed for sale by Ford Motor Company. *Id*. at ¶ 3. It was equipped with a passenger side torso airbag. *Id*. at ¶ 4. The driver, Nicholas Seaman, lost control of the vehicle and it went off a residential street and collided with a tree, resulting in a severe impact to the passenger side. Depo. of Carpenter at 17:23-25, 22:21-23:2. According to Plaintiff, the passenger side torso airbag should have deployed due to the significant impact.

Compl. at ¶ 6. However, the airbag did not deploy and, as a result, Georg suffered severe injuries. *Id*. at ¶ 8. Plaintiff filed this lawsuit on January 8, 2015 in the Circuit Court of the 18th Judicial Circuit in and for Brevard County, Florida. Defendant Ford then removed the case to this Court.

II.     Standard

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324–25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.,* 770 F.2d 984, 986 (11th Cir.1985)("conclusory allegations without specific supporting facts have no probative value").

The Court must consider all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolve all reasonable doubts against the moving party. *Anderson,* 477 U.S. at 255. The Court is not, however, required to accept all of the non-

movant's factual characterizations and legal arguments. *Beal v. Paramount Pictures Corp.,* 20 F.3d 454, 458–59 (11th Cir.1994).

III.	Analysis

Defendant Ford moves for partial summary judgment on the manufacturing defect claims and failure to warn claims, both of which are included in the strict liability and negligence counts of Plaintiff's Complaint. Defendant contends that the pleadings, discovery responses, expert reports, depositions and other matters of record establish that there is no genuine issue of material fact with respect to these claims. Plaintiff concedes that the only legal theory that remains for determination by a jury is that of defective and unreasonably dangerous design of the subject product as pled in each of Plaintiff's two counts. Accordingly, judgment will be entered for the Defendant with respect to the manufacturing defect and the failure to warn claims asserted in Counts I and II of Plaintiff's Complaint.

It is, therefore, **ORDERED** that Defendant's Motion for Partial Summary Judgment (Doc. 26) is **GRANTED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 15, 2016.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party